# In The United States Bankruptcy Court

## For the Southern District of Georgia
### Augusta Division

| | |
|---|---|
| IN RE | ) |
| | )     **CHAPTER  13** |
| **DALE AND DEBORAH CROCKER,** | )     **CASE NO.:  04-14200** |
| *Debtors.* | ) |
| | ) |
| **DEBORAH CROCKER,** | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | )     **ADVERSARY NO.: 08-** |
| | ) |
| **NCO FINANCIAL SYSTEMS, INC.** | ) |
| *First Defendant,* | ) |
| | ) |
| **ASSET MANAGEMENT** | ) |
| **PROFESSIONALS, LLC** | ) |
| *Second Defendant,* | ) |
| | ) |

2008 OCT 21 PM 4:00
U.S. BANKRUPTCY COURT
AUGUSTA, GA
SAMUEL L. KAY, CLERK

FILED

## COMPLAINT FOR VIOLATIONS OF THE DISCHARGE ORDER AND FAIR DEBT COLLECTIONS PRACTICES ACT

NOW COMES DEBORAH CROCKER, Debtor in the above-referenced Chapter 13 case, and Plaintiff herein (hereinafter "Debtor") and shows the Court her Complaint against NCO FINANCIAL SYSTEMS, INC. (hereinafter "NCO") and ASSET MANAGEMENT PROFESSIONALS, LLC (hereinafter "AMP") for violations of the Chapter 13 discharge order and Fair Debt Collection Practices Act (hereinafter "FDCPA"). In support of this Complaint, Debtor avers the following:

### STATEMENT OF JURISDICTION

This Court has jurisdiction of this action pursuant to 15 U.S.C. Section 1640(e) and 28 U.S.C. Sections 1331 and 1337. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(I). This Court reopened the Debtor's case by Order dated October 15, 2008.

NCO is a corporation lawfully authorized to conduct business in the State of Georgia, and may be served by Summons and Complaint as proscribed by Bankruptcy Rule 7004(h).

AMP is a corporation lawfully authorized to conduct business in the State of Georgia, and may be served by Summons and Complaint as proscribed by Bankruptcy Rule 7004(h).

## STATEMENT OF CASE

1.     Debtors filed this Chapter 13 case November 18, 2004.  Plato Student Loans ("Plato") was listed as a creditor, and received notice of the bankruptcy filing at the address of its servicing agent, Loan Servicing Center.  The terms of the Debtor's Chapter 13 plan called for the student loan debt to be paid in full at the contract rate of interest.

2.     EDUCAP, Inc. (hereinafter "EDUCAP") received notice of the filing from this Court, and filed two proofs of claim on behalf of Plato.  The copies of the proofs of claim filed by EDUCAP are attached as Exhibits 1 and 2.  The account number for EDUCAP Exhibit 1 was "631090 Plato".  The account number for EDUCAP Exhibit 2 was "878087 Plato".

3.     EDUCAP did not object to the terms of the Debtor's Chapter 13 plan, and it was confirmed by Order of this Court dated April 25, 2005.

4.     The claims of EDUCAP filed on behalf of Plato were paid in full at the contract rate of interest through the Debtors' Chapter 13 plan.  A copy of the Trustee's Final report and Account, demonstrating the payments, is attached as Exhibit 3 and incorporated by reference herein.

5.     The Debtors' case was discharged by Order of this Court dated October 30, 2006. A copy of the Order is attached as Exhibit 4.

6.     After the issuance of the discharge, EDUCAP subsequently turned its debt over for collection to Van Ru Credit Corporation.  Debtor received a letter from Van Ru Credit

Corporation dated November 7, 2006. Van Ru discontinued collection after receiving a letter from Debtor's counsel.

7.     After the issuance of the discharge, EDUCAP subsequently turned its debt over for collection to NCO. NCO has persisted in its attempts at collecting this debt, despite the Debtors' bankruptcy discharge.

8.     NCO mailed two letters to the Debtor dated February 6, 2007, seeking to collect debts allegedly owed to EDUCAP. One letter, attached as Exhibit 5, sought to collect a balance of $720.51 for account number 0000631090. This was the same account number listed on the proof of claim attached as Exhibit 1. The other letter, attached as Exhibit 6, sought to collect a balance of $1593.24 for account number 0000878087. This was the same account number listed on the proof of claim attached as Exhibit 2.

9.     Counsel for the Debtor mailed a cease and desist letter to NCO dated February 19, 2007. A copy of that letter is attached as Exhibit 7. The letter specifically warned that "any future attempt at collection upon this debt will be met by the filing of an adversary proceeding, seeking damages and attorney fees".

10.     No response was received from NCO to that letter.

11.     NCO mailed two more letters to the Debtor dated March 10, 2007, seeking to collect debts allegedly owed to EDUCAP. One letter, attached as Exhibit 8, sought to collect a balance of $721.29 for account number 0000631090. This was the same account number listed on the proof of claim attached as Exhibit 1. The other letter, attached as Exhibit 9, sought to collect a balance of $1594.71 for account number 0000878087. This was the same account number listed on the proof of claim attached as Exhibit 2.

12.     Counsel for the Debtor mailed a second cease and desist letter to NCO dated April 5, 2007. A copy of that letter is attached as Exhibit 10. No response was received from NCO regarding that letter.

13.     NCO mailed two more letters to the Debtor dated July 12, 2007, seeking to collect debts allegedly owed to EDUCAP. One letter, attached as Exhibit 11, sought to collect a balance of $724.30 for account number 0000631090. This was the same account number listed on the proof of claim attached as Exhibit 1. The other letter, attached as Exhibit 12, sought to collect a balance of $1600.39 for account number 0000878087. This was the same account number listed on the proof of claim attached as Exhibit 2.

14.     Debtor's counsel mailed a third cease and desist letter to the NCO Legal Department dated July 30, 2007, a copy of which is attached as Exhibit 13. That letter was mailed certified mail, and receipt was verified on August 3, 2007. Exhibit14. The letter included all previous correspondence, as well as proof of the payments made during the Chapter 13 case.

15.     A representative of NCO who identified herself as Yvonne McPherson contacted Debtor's counsel. She requested proof of the payment of the debts, and was supplied with the requested information. She asked for additional time in which to research the matter. Copies of the requested documents were faxed to her on or about September 26, 2007.

16.     After researching the matter, Yvonne agreed that collection of the debts was improper. Debtor's counsel, who had already filed a motion to reopen the case so that an adversary proceeding could be filed, withdrew the request.

17.     NCO resumed its collection attempts in the early spring of 2008. Debtor's counsel again contacted Yvonne McPherson to prevent further contact and collection. Documents verifying the payment of the debt were again faxed to Yvonne McPherson on April 30, 2008.

18.    NCO subsequently sold, assigned or otherwise transferred the debt for collection to AMP.

19.    AMP mailed a letter seeking collection for account number 0000878087 in the amount of $1624.09.  A copy of that letter is attached as Exhibit 15.

20.    AMP has persisted in its attempts at collecting this debt, despite the Debtors' bankruptcy discharge.  AMP, by and through an employee who identified herself as "Shamingo", has resisted attempts by Debtor's counsel to resolve the matter without the necessity of litigation.

21.    Debtor's counsel faxed a copy of the motion to reopen the Debtor's case, as well as supporting documents, to AMP on September 26, 2008.  No response was received to that fax.

## COUNT 1

## DEBTOR'S CLAIM FOR VIOLATIONS OF THE DISCHARGE ORDER
## (11 U.S.C. § 524)

Debtor incorporates the allegations of paragraphs 1-21 herein and makes the following additional allegations:

22.    Debtor received a discharge in her Chapter 13 case on October 30, 2006.  The back of the Discharge Order specifically reads:

Collection of Discharged Debts Prohibited

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditors is not permitted to contact a debtor by mail, phone or otherwise, to file or continue a lawsuit, to attach wages or other property, cr to take any other action to collect a discharged debt from the debtor. [*In a case involving community property:*] [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]  A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.  (Discharge Order attached as Exhibit 1, "EXPLANATION OF A BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE").

23.    Despite the issuance of the Discharge Order and payment of the EDUCAP debt in full, at the contract rate of interest, NCO and AMP continued to send billing statements to the Debtor.

24.    Debtor's counsel sent a total of five letters to NCO, and one to AMP, regarding the EDUCAP debt.

25.    The letters specifically set forth an analysis of the claims that the Debtor had against NCO and AMP, and provided supporting exhibits so that payment of the debt could be verified.

26.    No response was received from NCO until over 7 months from the date of first contact from Debtor's counsel.

27.    In addition to the information provided by Debtor's counsel, specific information on the Debtor's bankruptcy filing was available on credit reports published by Equifax, Experian, and TRW.

28.    Neither NCO nor AMP examined the Debtor's credit report prior to placing the account for collection.

29.    Neither NCO nor AMP contacted EDUCAP to verify payment of the debt before persisting with collection.

30.    The post-discharge attempts at collection of this debt, by both NCO and AMP constitute a willful, ongoing and intentional violation of the Discharge Injunction as set forth in 11 U.S.C. § 524.

31.    Neither NCO nor AMP has made any attempt to compensate the Debtor for the damages that she has suffered.

32.    The ongoing, willful and intentional nature of the Defendants' conduct entitles the Debtor to an award of attorney fees associated with the bringing of this action.

33.     The intentional, ongoing and willful nature of the Defendants' conduct, entitles the Debtor to an award of punitive damages for the willing refusal of the Defendants to honor an Order of this Court.

## COUNT TWO

### DEBTOR'S CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Debtor incorporates the previous allegations of paragraphs 1- 33, and re-alleges them herein.  In support of the second claim for violations of the FDCPA, the Debtor makes the following additional allegations:

34.     At the time of the filing of the lawsuit, NCO and AMP were "debt collectors" as defined by 15 U.S.C. § 1692(a).

35.     That NCO and AMP persisted in communicating with the Debtor after being informed that Debtor was represented by counsel.

36.     That NCO and AMP failed to cease communications with the Debtor after being informed of the Debtor's bankruptcy filing, and payment of the debt, on multiple occasions.

37.     That NCO and AMP used false, deceptive and misleading representations in regard to the debt sought to be collected from the Debtor.  15 U.S.C. § 1692(e).  Specifically, the communications misrepresented the legal status of the debt, and also implied legal action that was barred by the discharge order.  The communications further failed to acknowledge that the debt had been paid in full.  15 U.S.C. § 1692(e)(2)-(4).

38.     The attempts by NCO and AMP to collect upon the debt of EDUCAP were unfair and unconscionable.

39.     That these actions by NCO and AMP have caused undue annoyance, harassment, mental anguish and other difficulties for the Debtor for which actual damages are appropriate.

40.    That the Debtor is entitled to statutory damages, payable by NCO and AMP, as allowed by the FDCPA, in an amount of $1,000 per person.

41.    That reasonable attorney fees be awarded to Debtor's counsel, pursuant to the FDCPA, for the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests the following relief from this Court:

1.    An order enjoining NCO and AMP from any further attempts at collection upon the discharged debt;

2.    Actual damages to be awarded against NCO and AMP for the Debtor's stress, anxiety and emotional distress as a result of the intentional and willful conduct of NCO and AMP in violating the Automatic Stay provisions of 11 U.S.C. § 524 and 11 U.S.C. § 362 (a);

3.    Punitive damages in an amount to be determined by the Court based on the intentional and willful conduct of NCO and AMP in violating the Automatic Stay Provisions of 11 U.S.C. § 362 (a);

4.    Punitive damages, in an amount to be determined the Court, based on the intentional and willful conduct of NCO and AMP in violating the Discharge Order, pursuant to the provisions of 11 U.S.C. § 524;

5.    Attorney fees, in an amount to be proven at trial, associated with the bringing of this action on behalf of the Debtor by Debtor's counsel. Said fees to be awarded by the Court for work performed in response to the Defendants' repeated violations of 11 U.S.C. § 524. Attorney fees also to be awarded as allowed per statute for the violations of the Fair Debt Collection Practices Act by NCO and AMP;

6.     All statutory damages permitted the Debtor for the violations of the Fair Debt

       Collection Practices Act by NCO and AMP;

7.     Any other relief which this Court deems just and proper.

Respectfully submitted this 21st day of ___OCTOBER___, 2008.

LEIDEN and LEIDEN

By: _____

       ZANE P. LEIDEN

       Ga. Bar No.:  445820

330 Telfair Street
Augusta, Georgia  30901
(706) 724-8548

B10 (Official Form 10) (4/01)

| United States Bankruptcy Court for the Southern District of Georgia | **PROOF OF CLAIM** FILED |
|---|---|

| Name of Debtor<br>Deborah & Dale Crocker | Case Number<br>04-14200 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| | |
|---|---|
| Name of Creditor (The person or entity to whom the debtor owes money or property)<br>EduCap Inc. (f.k.a. - University Support Services)<br><br>Name and Addresses Where Notices Should be Sent<br>Wells Fargo Education Financial Services<br>4811 North 4th Avenue<br>Sioux Falls, SD  57104<br><br>Telephone No. (800) 788-8790 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

2004 DEC -9  A 8: 44

U.S. BANKRUPTCY COURT
AUGUSTA. GA

THIS SPACE IS FOR COURT USE ONLY

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>631090 Plato | Check here if ☐ replaces<br>this claim:    ☐ amends  a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim:**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other: Educational loan not dischargeable under 11 USC § 523(a)(8):

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS # _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

| 2. Date debt was incurred:<br>09-05-95 | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**    $1,424.43
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other all assets

Value of Collateral: _____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(4)
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. § (507)(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(7)
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___)
* Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amounts of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date:<br>December 6, 2005 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>Tammy Sunde (Bankruptcy Specialist) |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Exhibit 1

**Loan Statement Sheet**

| Loan Number | 631090 |
|---|---|
| Loan Product Name | Plato |
| | |
| Principal | $1,420.45 |
| Late Fee | $0.00 |
| Interest | $3.98 |
| | |
| **Total** | **$1,424.43** |

# TUITION LOAN APPLICATION

Program ID: TMV4 - TMS PLATO LOAN
Application ID: 831090

Send with attachments to:
Harvest Operations Center
P.O. Box 5136
Sioux Falls, South Dakota 57117

Have Questions?
Our Loan Service Specialists are eager
to help and the call is free!
(800) 367-4708

**Applicant #1**

| | | | | |
|---|---|---|---|---|
| Name: CROCKER ANGELA D | SSN: 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 | DOB: 9-5-77 | U.S. Citizen: Yes | No |
| Address: 2440 Yates Drive | City: Augusta | State: GA | Zip: 30906-2535 | Phone: 706-790-1820 | Full Time |
| School Name: Reinhardt College | School Address: Waleska, Georgia | Grade Level: Freshman | | 7-7-97 | No |

**Applicant #2**

| | | | | |
|---|---|---|---|---|
| Crocker Dale A | 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 | Nov 5 '54 | Yes | Father |
| 2440 Yates Dr | Augusta | GA | 30906 | 800 790-1829 | 4 | 140 |
| Aubrey Crocker | 912 822-3576 | No | No | Yes | No |
| Augusta Police Dept. | 401 Walton Way Augusta GA | 822-4641 | 5 month | 20 yrs |
| U.S. ARMY retired | | $375 | | $55,000 |

**Applicant #3**

| | | | | |
|---|---|---|---|---|
| Crocker Deborah D | 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 | Jan 29 '56 | Yes | Mother |
| 2440 Yates Dr | Augusta | GA | 30906 | 790 1829 | 4 | 1½ |
| Dewey Smith | 912 981-2706 | No | No | Yes | No |
| Piece Goods Shop | 216-A Cobb River Augusta GA | 706 868-9499 | Lisa | NA |
| NA | | $576 | | $65,000 |

---

| APPLICANT #1 | APPLICANT #2 | | |
|---|---|---|---|
| Your Gross Annual Verifiable Salary: $17,288.00 | Your Gross Annual Verifiable Salary: $13,526.00 | Amount Requested For Classes: $3,000 | I would like to defer my principal payments... |
| Additional Verifiable Income: $13,000.00 | Additional Verifiable Income: | Amount Requested For Prior Year School Tuition: $ | I would like to pay both principal and interest immediately. |
| Source of Additional Income: Army Retirement | Source of Additional Income: | Amount Requested For Computer Expenses: $ | |
| | | Total Amount Requested (sum of above): $3,000 | |

---

| | | | |
|---|---|---|---|
| APPLICANT #1 | APPLICANT #2 X | STUDENT | 2440 YATES DRIVE AUGUSTA GA 30906 |

---

| | | |
|---|---|---|
| X _Angela Crocker_ | STUDENT | 8-18-95 Date |
| X _____ | APPLICANT #1 | 8-23-95 Date |
| X _Deborah D Crocker_ | APPLICANT #2 | 8-23-95 Date |

246884

B10 (Official Form 10) (4/01)

| United States Bankruptcy Court for the <u>Southern</u> District of <u>Georgia</u> | **PROOF OF CLAIM** |
|---|---|

**Name of Debtor**
Deborah & Dale Crocker

**Case Number**
04-14200

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**FILED**

2004 DEC -9  A 9 05

U.S. BANKRUPTCY COURT
AUGUSTA, GA

**Name of Creditor** (The person or entity to whom the debtor owes money or property)
EduCap Inc. (f.k.a. - University Support Services)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Addresses Where Notices Should be Sent**
Wells Fargo Education Financial Services
4811 North 4th Avenue
Sioux Falls, SD  57104

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone No.  (800) 788-8790

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
878087 Plato

Check here if ☐ replaces
this claim:  ☐ amends  a previously filed claim, dated: _____

**1. Basis for Claim:**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other:  Educational loan not dischargeable under 11 USC § 523(a)(8):

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS # _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:**
08-05-96

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $3,219.82
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other all assets

Value of Collateral: _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(4)
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. § (507)(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(7)
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___)
* Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amounts of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: _____
December 6, 2004

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Tammy Sunde (Bankruptcy Specialist)

*PENALTY for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Exhibit 2

**Loan Statement Sheet**

| Loan Number | 878087 |
|---|---|
| Loan Product Name | Plato |
|  |  |
| Principal | $3,211.07 |
| Late Fee | $0.00 |
| Interest | $8.75 |
|  |  |
| Total | $3,219.82 |

# Tuition Loan Application & Promissory Note

Program ID: PLV7 - P.L.A.T.O. - THE CLASSIC STUDENT LOAN
Application ID: 878087

**Send with attachments to Lender:**
Norwest Bank South Dakota, N.A.
PO Box 5156
Sioux Falls, SD 57117

**Have Questions?**
Our Loan Service Specialists are
eager to help and the call is free!
(800) 467-5286

JUL 2 9 1996

## STUDENT INFORMATION

It it is necessary for your income to be considered for this, complete applicant section also.
If no, have another applicant complete the applicant section(s).

| Print your full name: Last, First, Middle Initial | Social Security Number | Date of Birth | Are you a U.S. Citizen or a Permanent Resident? | Are you of legal age in your state of residence |
|---|---|---|---|---|
| CROCKER, ANGELA | 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 | 09/06/1977 | YES | YES |

| Address | City | State | Zip Code | Home Phone Number | Years at Address | Full/Part-Time Student |
|---|---|---|---|---|---|---|
| 2440 YATES DR | AUGUSTA | GA | 30906 | (706) 790-1829 | 5.0 | FULL TIME |

| School Name | School Address (City,State) | Grade Level (i.e. Freshman) | Number of Credit Hours | Graduation Date | Have you ever defaulted on a Student Loan? |
|---|---|---|---|---|---|
| REINHARDT COLLEGE | WALESKA GA | COLLEGE SOPHOMORE | 15 / QTR | 06/01/00 | NO |

## APPLICANT #1 INFORMATION

| Print your full name: Last, First, Middle Initial | Social Security Number | Date of Birth | Are you a U.S. Citizen or a Permanent Resident? | Relationship to Student |
|---|---|---|---|---|
| CROCKER, DEBORAH | 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 | 01/29/1955 | YES | PARENT |

| Address | City | State | Zip Code | Home Phone Number | Years at Address | Years at Previous Address |
|---|---|---|---|---|---|---|
| 2440 YATES DR | AUGUSTA | GA | 30906 | (706) 790-1829 | 5.0 | |

| Reference Name (Relative not living with you) | Reference Phone Number | Have you ever declared Bankruptcy? | Have you ever defaulted on a Student Loan? | Do you have a Checking Account? | Do you have a Savings Account? |
|---|---|---|---|---|---|
| | | NO | NO | YES | YES |

| Present Employer (indicate if Retired or Self-Employed) | Employer Address where we can verify income | Employer Phone Number | Years Employed | Years at Previous Employer |
|---|---|---|---|---|
| PIECE GOODS SHOPS | Augusta GA 30906 | (706) 796-9121 | 3.0 | |

| Previous Employer | Do you? | Monthly Housing Payment | Total Assets (include home value and other assets such as cash, savings, checking, stocks, etc.) |
|---|---|---|---|
| | Rent __ Own X | $ 374.00 | $ 2,000.00 |

## APPLICANT #2 INFORMATION (optional)

| Print your full name: Last, First, Middle Initial | Social Security Number | Date of Birth | Are you a U.S. Citizen or a Permanent Resident? | Relationship to Applicant |
|---|---|---|---|---|
| CROCKER, DALE | 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 | 11/06/1954 | YES | PARENT |

| Address | City | State | Zip Code | Home Phone Number | Years at Address | Years at Previous Address |
|---|---|---|---|---|---|---|
| 2440 YATES DR | AUGUSTA | GA | 30906 | (706) 790-1829 | 9.9 | |

| Reference Name (Relative not living with you) | Reference Phone Number | Have you ever declared Bankruptcy? | Have you ever defaulted on a Student Loan? | Do you have a Checking Account? | Do you have a Savings Account? |
|---|---|---|---|---|---|
| | | NO | NO | YES | |

| Present Employer (indicate if Retired or Self-Employed) | Employer Address where we can verify income | Employer Phone Number | Years Employed | Years at Previous Employer |
|---|---|---|---|---|
| RETIRED | AUGUSTA GA 30906 | (999) 999-9999 | 2.0 | |

| Previous Employer | Do you? | Monthly Housing Payment | Total Assets (include home value and other assets such as cash, savings, checking, stocks, etc.) |
|---|---|---|---|
| | Rent __ Own X | $ 374.00 | $ |

## VERIFIABLE INCOME

| | APPLICANT #1 | APPLICANT #2 |
|---|---|---|
| Your Gross Annual Verifiable Salary: | $ 17,000.00 | $ 18,000.00 |
| Additional Verifiable Income: | $ | $ 12,000.00 |
| Source of Additional Income: | | RETIREMENT US ARMY |
| Phone No. where Additional Income can be verified: | | |

## REQUESTED AMOUNT AND REPAYMENT OPTION

Amount Requested For Current Year School Expenses
$ 4,500.00

Amount Requested For Prior Year School Tuition
$ 0.00

Amount Requested For Computer Expenses
$ 0.00

Total Amount Requested (sum of above)
$ 4,500.00

__X__ I would like to defer my principal repayment and pay only interest while in school (up to 60 months), not including secondary school.

___ I would like to pay both principal and interest immediately.

Checks are issued at completion of application processing. You may delay check issue to up to 45 days by entering the new date here:

Your actual loan amount, not to exceed $25,000, includes a Loan Origination Fee of 8.00% of your total loan amount. This loan amount must be greater than $1,500.

## BILLING STATEMENTS

| Send Billing Statements to: | | | | Street/P.O. Box / Apt. No. | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| APPLICANT #1 X | APPLICANT #2 | STUDENT | | 2440 YATES DR | AUGUSTA GA 30906 | | |

## AUTHORIZATIONS AND REPRESENTATIONS

Promise To Pay: For value received each of the undersigned, jointly and severally, if more than one, promise to pay at the amounts due under this combined Application and Promissory Note, the terms of which are contained on the front and the back. Authorizations: By signing below, I agree to the following terms and conditions including those on the back. Everything disclosed on this form is true and correct to the best of my knowledge. The proceeds of any loan made as a result of this application will be used for educational purposes only. I authorize the Lender or its agents to check my credit, income, enrollment and employment history. I authorize the release of this application and any attachments to the agent of the Lender or any subsequent holder.

X _Angela Croop_ STUDENT 7-22-96 Date
X _Deborah Crocker_ APPLICANT #1 7-22-96 Date
X _Dale Crocker_ APPLICANT #2 7-22-96 Date

## OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this combined Application and Promissory Note, the terms of which are contained on the front and the back hereof (the "Note"), each of you is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. The holder of this Note may enforce its rights under this Note against each of you individually or against all of you together. This means that any one of you may be required to pay all of the amounts owed under this Note, which may include interest charges, late fees or collection costs. Each of you is subject to the same collection methods, which may include suing you, garnishing your wages, etc. If the Note is ever in default, the fact may become part of your credit record. Think carefully before you sign this Note. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

400258

1. **Promise to Pay:** For value received, each person (referred to as I, me, my and borrowers) who signed this Combined Application and Promissory Note (the Note), jointly and severally agree to pay to the order of Norwest Bank South Dakota, N.A., or any subsequent holder of the Note (the Lender) a Principal Sum (which equals the amount of the loan disbursement check(s) plus any increase in the Principal Sum for accrued unpaid interest as set forth in Section 5 plus the Loan Origination Fee as set forth in Section 3), plus interest thereon as set forth below in Section 2, all late charges, reasonable attorneys' fees, and other costs and charges necessary for the collection of any amount not paid when due in accordance with the provisions of this Note. If not sooner paid, the entire outstanding principal balance, accrued interest, fees and costs, if any, will be due and payable in full 175 months from the first monthly due date, as described in Section 6 below.

2. **Interest:** Interest accrues on the outstanding principal balance of the Note from the date of the initial loan disbursement check until the date this Note is paid in full. Such interest shall be payable each month as described in Section 6 (subject to deferment as described in Section 5 below) and shall accrue on a daily basis at a variable per annum rate (calculated on the basis of a year of 365 or 366 days, as appropriate, for the actual number of days elapsed) equal to the Prime Rate, as defined below, plus a Spread. The Spread during the In-School Period (as defined in Section 5 below) will not be less than nine tenths of one percent (0.90%) and will not exceed four and nine tenths percent (4.90%). The Spread following the In-School Period will not be less than one and nine tenths percent (1.90%) and will not exceed five and nine tenths percent (5.90%). The interest rate on this Note may decrease or increase monthly in the amount of any decrease or increase, respectively, in the Prime Rate or in the Spread. The Lender or its assignee of this Note may increase or decrease the Spread, within the ranges defined above, in its sole discretion, from time to time. The Lender, or its assignee, will notify me of any increased Spread (exclusive of any increase occurring at the end of the In-School Period), and the resulting increased rate on this Note, at least 30 days prior to the effect or date of the increased rate.

The Prime Rate in effect each month shall be the highest rate of interest reported in the "Money Rates" table in the *Wall Street Journal* on the first business day of each month as the "Prime Rate". Any change in the interest rate charged on this Note will take effect on the fifth business day of each calendar month and will remain in effect until then changed.

In the event that the reporting of the Prime Rate is discontinued or substantially altered, the Lender or its assignee, may, at its option, choose another reasonably comparable index. If this happens, the substitute index will be considered to be the Prime Rate under this Note.

In no event will the interest rate charged exceed the maximum interest rate that the Lender, as a national bank located in the State of South Dakota, may charge.

3. **Loan Origination Fee:** At the time the Lender issues any disbursement, the Lender will deduct eight and zero tenths percent (8.00%), an amount equal to the origination fee, from the disbursement amount. I will not be entitled to any reimbursement of any origination fee after I cash my disbursement check.

4. **Late Charge:** I will pay a late charge if I fail to make any part of an installment payment within 15 days after I become due. A late charge may not exceed $5.00, or 5.00% of the installment, whichever amount is greater.

I further agree to pay a handling charge of $15.00 for each payment on this Note returned for insufficient funds.

5. **Deferral of Principal Repayment:** If I am enrolled at an approved post-secondary institution, I may choose to defer payment of principal, but not interest, until the earliest of the date which is six months following my graduation, six months following the termination of my enrollment, or sixty (60) months following the initial loan disbursement date (In-School Period). If I elect this option, I will be liable to make consecutive monthly payments of interest beginning immediately on the date provided in Section 6 below until the end of the In-School Period and thereafter I will make consecutive monthly payments of principal and interest for the remaining Repayment Period.

I may choose to make principal and interest payments immediately if I have made the election on the reverse side of this Note. If I am not attending a post-secondary school, I will make principal and interest payments immediately as described in Section 6 below.

6. **Repayment:** I will repay the Note in monthly installments over a 18 year period (the Repayment Period) from the initial loan disbursement date. The first monthly installment will be due as indicated on my first monthly billing statement and will be a date which is within 45 days but not less than 26 days following the initial loan disbursement date.

Following the first monthly installment, monthly payments will be due on the same day of the month as the first payment was due. Subject to Section 5, the amount of each monthly installment due will be the amount necessary to fully amortize the then current outstanding principal balance of the Note over the number of months remaining in the Repayment Period based upon the then current interest rate on the Note. The payment amount may change monthly if the interest rate changes.

I may, at my option and without penalty, prepay all or any part of the obligations under the Note at any time. Any partial prepayment will not affect the necessity to make the monthly payments.

Payments received will be applied first to accrued interest, then to principal, and the remainder to late charges.

7. **Refund for Non-Attendance:** I agree that any educational institution may, in accordance with its refund policies, pay directly to the loan servicer, or such person or entity as the Lender directs, the amount of any refund of tuition, fees or other expenses paid from the proceeds of this Note. I further agree to immediately deliver to the loan servicer, or to such entity as the Lender directs, along with a written explanation, the amount of any such refund of tuition, fees or other expenses that I receive.

I fully understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation within or pursuant to this Note.

8. **Default:** If I default on this loan, the Lender may declare, without notice or demand, the entire unpaid amount of the loan, including interest and all costs of collection and reasonable attorneys' fees, immediately due and payable. "Default" means the occurrence of any of the following events:

A. I do not make a scheduled payment of principal, interest, or late charges or other fees within 30 days of the payment due date.

B. I make an assignment for the benefit of creditors, have voluntary or involuntary bankruptcy proceedings instituted by or against me, or are adjudicated incompetent, or die.

C. I make any statement or representation on the Application for the loan and/or supporting documents evidenced by this Note that is materially untrue, incorrect, or incomplete.

D. I fail to perform any agreement contained in this Note.

E. I fail to promptly (within 30 days) notify the Lender in writing of any change of my name or address, or the transfer, withdrawal, or graduation of the student.

Failure to receive a monthly statement does not relieve me of the responsibility and obligation of making

the required loan payments in accordance with the terms and conditions of this Note. Acceptance of any payment, in whole or in part, of the amounts in arrears will not waive or affect any prior acceleration of the Note.

The Lender may delay or fail to exercise or waive any of its rights on any occasion without losing its entitlement to exercise the right of any future occasion. I waive presentment, demand, notice, protest and other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of the Note. If I am in default, I agree to pay all expenses including reasonable attorneys' fees which the Lender may incur in effecting collection of this Note.

9. **Credit Bureau Notification:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureaus. If I default on this loan, disclosure of information about my loan may significantly and adversely affect my ability to obtain other credit.

10. **Representations:** The proceeds of this Note will be used solely for tuition and other reasonable education expenses including, but not limited to fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, and personal expenses of the student.

11. **Miscellaneous:** I understand that this loan is an education loan and is made under a program which is funded in whole or in part by a non-profit organization, University Support Services, Inc. and as such, is not dischargeable in bankruptcy during the first seven years of repayment.

My responsibility for paying this Note is unaffected by the liability of any other person to me or the Lender for repayment of this Note or by the failure of the Lender to notify me that a required payment has not been made. The lender may release any other person liable on this Note without affecting my obligations under this Note.

Should any of the provisions of this Note be rendered invalid, in whole or in part, by any change in applicable law or regulations, or declared invalid by order, decree or judgment of a court of governmental agency of competent jurisdiction, the remaining provisions of this Note shall not be affected thereby and this Note shall be construed as if such invalid provisions had not been inserted in this Note or as if the new law or regulations were incorporated therein.

No term or provision of this Note may be changed unless consented to in writing by all parties. I authorize the Lender, without further notice, to correct any patent errors herein.

I agree that any communication between the Lender and any borrower will be binding on all of the borrowers and that the provisions of this Note will apply to all borrowers individually and collectively.

The Lender, or its assignee, has the right to assign its rights and duties under this Note without my consent. The terms and conditions contained herein apply to, bind and ensure to, the benefits of the successors and assigns of the Lender. I may not assign this Note or any of its benefits or obligations, and the obligations of the Note will be binding on my estate.

The loan evidenced by this Note has been approved and made by the Lender in South Dakota. This Note has been delivered to and accepted by the Lender in South Dakota and shall be construed in accordance with and governed by federal laws and by the laws of South Dakota.

12. **Disbursement:** Loans may be disbursed in up to four disbursements over a 12-month period. If an election is not made on the application, the loan will be disbursed in a single disbursement.

If the student is the borrower and the only applicant on the loan, the loan disbursement check(s) may be made co-payable to the borrower and the school at which the student is enrolled. If the student is not a borrower and sufficient proof of enrollment/acceptance at the school is not provided then the loan disbursement check(s) may be made co-payable to the borrower and the school at which the student is enrolled. The loan disbursement check(s) will be mailed to the borrower along with the disclosures required by the Federal Truth in Lending Act. Endorsement of the check acknowledges my receipt of these disclosures. My contractual obligation on the Note begins when a Loan Disbursement check is endorsed or otherwise cashed or deposited. If not endorsed or deposited within 90 days of the loan disbursement check date, the check will be cancelled and I will have to reapply to obtain another loan. If I do not wish to obtain this loan, I will not cash the loan disbursement check and will contact the Lender. If no loan check is endorsed or deposited as provided above and each check is cancelled, no Interest or Loan Origination Fee will be charged by the Lender with respect to this Note.

### Notice to Co-signers

You are being asked to guarantee this debt. Think carefully before you do. If the borrower does not pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay interest charges, late fees or collection costs, which may increase this amount.

The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record. This notice is not the contract that makes you liable for the debt.

4/18/96 - PLV7



Case:08-01053-SDB Doc#:1 Filed:10/21/08 Entered:10/22/08 09:18:01 Page:18 of 37

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

PAGE
REPORT PRINTED 11/15/06

IN RE:  DALE A CROCKER and DEBORAH D CROCKER         CASE NO.
        2440 YATES DR                                0414200

        AUGUSTA, GA        30906-0000

        FINAL REPORT AND ACCOUNT          SS #1: XXX-XX-3890
COMPLETED                                 SS #2: XXX-XX-8228
PLAN FILED DATE: Nov 18, 2004    PLAN CONFIRMED: Apr 25, 2005    CASE CONCLUDED: Nov 14, 2006
ATTORNEY       TERRANCE P LEIDEN

Your Trustee hereby certifies that this case has been fully administered, that a detailed record of all
receipts and disbursements has been maintained; copies are attached to the original filed with the Clerk
and incorporated by reference in this report.

RECEIPTS: Amount paid to the Trustee by or for the Debtor for benefit of Creditors.          33949.90

| CREDITOR NAME | CLM # | CLASS | CLAIM AMOUNT | DEBT ALLOWED | TOTAL PAID | BALANCE DUE |
|---|---|---|---|---|---|---|
| FORD MOTOR CREDIT CO | 001 | SEC | 7500.00 | 7500.00 | 7536.88 | .00 |
| * (INCLUDES INTEREST PAID AT 5.90 % OF $ 36.88 ) | | | | | | |
| FORD MOTOR CREDIT CO | 001 | UNS | 2975.32 | 2975.32 | 2975.32 | .00 |
| DISCOVER BANK | 002 | OTH | 6440.33 | .00 | .00 | .00 |
| DISCOVER BANK | 003 | OTH | 4973.66 | .00 | .00 | .00 |
| EDUCAP | 004 | OTH | 1424.43 | 1424.43 | 1453.01 | .00 |
| * (INCLUDES INTEREST PAID AT 8.50 % OF $ 28.58 ) | | | | | | |
| EDUCAP | 005 | OTH | 3219.82 | 3219.82 | 3284.42 | .00 |
| * (INCLUDES INTEREST PAID AT 8.50 % OF $ 64.60 ) | | | | | | |
| EDUCATIONAL CREDIT MANAGEMEN | 006 | OTH | 111.73 | 111.73 | 111.73 | .00 |
| A A F E S | 007 | UNS | 2733.19 | 2733.19 | 2733.19 | .00 |
| CHASE MANHATTAN BANK USA N A | 008 | OTH | 3369.44 | .00 | .00 | .00 |
| SHERMAN ACQUISITION LLC | 009 | UNS | 7426.81 | 7426.81 | 7426.81 | .00 |
| SHERMAN ACQUISITION LLC | 010 | UNS | 3094.19 | 3094.19 | 3094.19 | .00 |
| WACHOVIA BANK NA | 011 | OTH | 2657.23 | .00 | .00 | .00 |
| CLERK OF U S BANKRUPTCY COUR | 991 | FFE | .00 | .00 | .00 | .00 |
| CLERK U S BANKRUPTCY COURT | 994 | ADM | .00 | .00 | .00 | .00 |
| TERRANCE P LEIDEN | 999 | ATY | 1500.00 | 1500.00 | 1500.00 | .00 |
| CHAPTER 13 TRUSTEE FEE | | TRU | 1789.59 | 1789.59 | | .00 |

TERRANCE P LEIDEN
ATTORNEY AT LAW
330 TELFAIR ST
AUGUSTA GA 309010000          PAGE 1 - CONTINUED ON NEXT PAGE

Exhibit 3

2

CASE NO. 04-14200                                                                    PAGE 2

DALE A    CROCKER              REFUNDS              2044.76

|       | SECURED | PRIORITY | UNSECURED | ADMIN   | ATTY    | OTHER   |            |
|-------|---------|----------|-----------|---------|---------|---------|------------|
| DEBT  | 7500.00 | .00      | 16229.51  | 1789.59 | 1500.00 | 6800.74 | TOTAL PAID |
| PAID  | 7536.88 | .00      | 16229.51  | 1789.59 | 1500.00 | 6893.92 | 33949.90   |

WHEREFORE, your Petitioner prays that a Final Decree be entered discharging your petitioner as Trustee and releasing Trustee's surety from all liability on account of the proceedings; closing the estate, and for such other relief as is just.

* Paid by Insurance

Barnee C. Baxter, Trustee

B18W (GAS 08/05)

# United States Bankruptcy Court

## Southern District of Georgia
### Case No. 04-14200-SDB

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):

Dale A. Crocker
2440 Yates Dr
Augusta, GA 30906

Deborah D. Crocker
2440 Yates Dr
Augusta, GA 30906

Social Security No.:
xxx–xx–3890

xxx–xx–8228

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT



Susan D. Barrett
United States Bankruptcy Judge
PO Box 1487
Augusta, GA 30903

Dated:  October 30, 2006

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Exhibit 4

FORM B18W continued (7/99)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 13 bankruptcy case are:

a. Debts that are in the nature of alimony, maintenance, or support;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

e. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and

f. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Dept 22
Trenton, NJ 08650-4909

**NCO FINANCIAL SYSTEMS INC**

|||||||| ||||| ||||||| |||| |||||| |||| ||||| ||||| |||| ||||

507 Prudential Road, Horsham, PA 19044

Calls to or from this company may be monitored
or recorded for quality assurance.

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Feb 6, 2007

LJI680               10661
DALE CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

FORMER CREDITOR:
EDUCAP, INC
ACCOUNT #: 0000631090
PURCHASED BALANCE: $79.67
INTEREST AMOUNT: $ 0.91
INTEREST RATE: 11.120%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 639.93
TOTAL BALANCE: $ 720.51

Your account has been purchased by NCO Portfolio Management, an affiliate of NCO Financial Systems, Inc. It is important that you forward your payment.

This may be reported to all national credit bureaus, if you: a) do not notify this office within 30 days after receiving this notice that you dispute the account or any portion thereof, or b) the account is not paid in full or otherwise resolved after 30 days from receiving this notice. It is our intention to work with you to resolve this matter. However, if payment or any acceptable resolution has not occurred, your account will be subject to further collection.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6802-28LW0V.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| LJI680 | $ 720.51 |

DALE CROCKER

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Illuulululluuldlilluuldldlldlluudulllluuludlull
NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

Exhibit 5

NCO  B1
10661

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

Calls to or from this company may be monitored
or recorded for quality assurance.

LJI681          10662
DEBORAH CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Feb 6, 2007

FORMER CREDITOR:
EDUCAP, INC
ACCOUNT #: 0000878087
PURCHASED BALANCE: $150.06
INTEREST AMOUNT: $ 1.75
INTEREST RATE: 11.150%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 1441.43
TOTAL BALANCE: $ 1593.24

Your account has been purchased by NCO Portfolio Management, an affiliate of NCO Financial Systems, Inc. It is important that you forward your payment.

This may be reported to all national credit bureaus, if you: a) do not notify this office within 30 days after receiving this notice that you dispute the account or any portion thereof, or b) the account is not paid in full or otherwise resolved after 30 days from receiving this notice. It is our intention to work with you to resolve this matter. However, if payment or any acceptable resolution has not occurred, your account will be subject to further collection.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6812-28LW0W.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|-----------|---------------|
| LJI681 | $ 1593.24 |

DEBORAH CROCKER

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

NCO  B1
10662

Exhibit C

Law Office of
# LEIDEN AND LEIDEN
*A Professional Corporation*

Terrance Patrick Leiden (also Ohio)
Zane P. Leiden (also SC)
L.E. Maioriello

330 Telfair Street
Augusta, Georgia 30901-2450

*(706) 724-8548*
*Toll Free Number* 888-228-9035
*FAX (706) 724-9727*

C. Christopher CoCroft, Jr.
(1941-1974)

February 19, 2007

NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

      RE:   Dale & Deborah Crocker
              Chapter 13 Case No. 04-14200
              Educap Account Nos. 0000631090 & 0000878087

To Whom it May Concern:

     I represented Dale & Deborah Crocker in a Chapter 13 bankruptcy which he filed in the United States Bankruptcy Court for the Southern District of Georgia on November 18, 2004. I have received a copy of your letters dated February 6, 2007, attempting to collect alleged debts from these clients, on behalf of Educap. Obviously, you are aware that the debts to Educap were paid in full through my clients Chapter 13 bankruptcy. I have enclosed copies of the Chapter 13 plan, final report and account, and discharge order for your records. The claims of Educap were paid in full at the contract rate of interest. Clearly, your attempts at collection upon this debt are in direct and conscious violation of the terms of the Discharge Order. Furthermore, the collection attempts are in violation of the Fair Debt Collection Practices Act.

     By way of this letter, I am demanding that you cease and desist any further collection attempts upon this debt. Not only will this letter serve to dispute the debt, but please be advised that any future attempt at collection upon this debt will be met by the filing of an adversary proceeding, seeking damages and attorney fees for your willful violation of the Discharge Order and relevant provisions of the FDCPA. Please forward this letter on to the original creditor to avoid legal action.

                            Warmest regards,

                            Zane P. Leiden

ZPL/jhg
Cc:  Dale & Deborah Crocker
Enclosures as stated

Exhibit 7

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

**NCO FINANCIAL SYSTEMS INC**



Calls to or from this company may be monitored
or recorded for quality assurance.

LJI680                    4109
DALE CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

507 Prudential Road, Horsham, PA 19044

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Mar 10, 2007

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: EDUCAP, INC
ACCOUNT #: 0000631090
PURCHASED BALANCE: $79.67
INTEREST AMOUNT: $ 1.69
INTEREST RATE: 11.120%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 639.93
TOTAL BALANCE: $721.29

## SETTLEMENT OFFER

We can settle this account for less than the full balance.  This offer may expire without notice.  Before making payment,
please confirm with one of our representatives that this offer has not expired.

Please contact our office at 18002540667 for details.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6802-28LW0V.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest
or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a
communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

------------------------------------------------------------

| Account # | Total Balance |
|---|---|
| LJI680 | $ 721.29 |

DALE CROCKER

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

NCO_U
4109

Exhibit 8

012200LJI680100000015000000000000721299

**NCO FINANCIAL SYSTEMS INC**

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

||||||| ||||| ||||||| |||||| ||||| |||| ||||| ||||| |||| ||||

507 Prudential Road, Horsham, PA 19044

Calls to or from this company may be monitored
or recorded for quality assurance.

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Mar 10, 2007

LJI681                    4110
DEBORAH CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: EDUCAP, INC
ACCOUNT #: 0000878087
PURCHASED BALANCE: $150.06
INTEREST AMOUNT: $ 3.22
INTEREST RATE: 11.150%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 1441.43
TOTAL BALANCE: $1594.71

## SETTLEMENT OFFER

We can settle this account for less than the full balance.  This offer may expire without notice.  Before making payment, please confirm with one of our representatives that this offer has not expired.

Please contact our office at 18002540667 for details.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6812-28LW0W.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

| Account # | Total Balance |
|---|---|
| LJI681 | $ 1594.71 |

DEBORAH CROCKER

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

|||..|.|.||..|.|.||..|.|.||.|.||..|.|.|||..|.|.||

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

Exhibit 9

NCO  U
4110

012200LJI6810000000150000000001594717

Law Office of

## LEIDEN AND LEIDEN

*A Professional Corporation*

| | | |
|---|---|---|
| Terrance Patrick Leiden (also Ohio) | 330 Telfair Street | C. Christopher CoCroft, Jr. |
| Zane P. Leiden (also SC) | Augusta, Georgia 30901-2450 | (1941-1974) |
| L.E. Maioriello | *(706) 724-8548* | |
| | *Toll Free Number* 888-228-9035 | |
| | *FAX (706) 724-9727* | |

April 5, 2007

# SECOND DEMAND

NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

      RE:   Dale & Deborah Crocker
             Chapter 13 Case No. 04-14200
             Educap Account Nos. 0000631090 & 0000878087

To Whom it May Concern:

      I represented Dale & Deborah Crocker in a Chapter 13 bankruptcy which he filed in the United States Bankruptcy Court for the Southern District of Georgia on November 18, 2004. I have received a copy of your letters dated February 6, 2007, attempting to collect alleged debts from these clients, on behalf of Educap. Obviously, you are aware that the debts to Educap were paid in full through my clients Chapter 13 bankruptcy. I have enclosed copies of the Chapter 13 plan, final report and account, and discharge order for your records. The claims of Educap were paid in full at the contract rate of interest. Clearly, your attempts at collection upon this debt are in direct and conscious violation of the terms of the Discharge Order. Furthermore, the collection attempts are in violation of the Fair Debt Collection Practices Act.

      By way of this letter, I am demanding that you cease and desist any further collection attempts upon this debt. Not only will this letter serve to dispute the debt, but please be advised that any future attempt at collection upon this debt will be met by the filing of an adversary proceeding, seeking damages and attorney fees for your willful violation of the Discharge Order and relevant provisions of the FDCPA. Please forward this letter on to the original creditor to avoid legal action.

                        Warmest regards,

                        Zane P. Leiden

ZPL/jhg
Cc: Dale & Deborah Crocker
Enclosures as stated

Exhibit 10

PO Box 4909
Dept 22

Trenton NJ 08650-4909

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

Calls to or from this company may be monitored
or recorded for quality assurance.

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jul 12, 2007

LJI680                    105
DALE CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: EDUCAP, INC
ACCOUNT #: 0000631090
PURCHASED BALANCE: $79.67
INTEREST AMOUNT: $ 4.70
INTEREST RATE: 11.120%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 639.93
TOTAL BALANCE: $724.30

Dear DALE CROCKER,

We are offering you a settlement at this time, which will allow you to pay 50% of the balance listed above. This offer may expire without notice. Before making payment, please confirm with one of our representatives that this offer has not expired.

Forward your payment to the address listed below. If you have further questions please contact us at 18002540667.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6802-28LW0V.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| LJI680 | $ 724.30 |
| DALE CROCKER | |

Payment Amount

Check here if your address or phone number has
changed and provide the new information below.

$

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

NCO  R
105


Exhibit 11

012200LJI680100000015000000000000724302

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

Calls to or from this company may be monitored
or recorded for quality assurance.

18002540667
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jul 12, 2007

LJI681                  106
DEBORAH CROCKER
2440 YATES DR
AUGUSTA GA  30906-2585

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: EDUCAP, INC
ACCOUNT #: 0000878087
PURCHASED BALANCE: $150.06
INTEREST AMOUNT: $ 8.90
INTEREST RATE: 11.150%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 1441.43
TOTAL BALANCE: $1600.39

Dear DEBORAH CROCKER,

We are offering you a settlement at this time, which will allow you to pay 50% of the balance listed above. This offer may expire without notice. Before making payment, please confirm with one of our representatives that this offer has not expired.

Forward your payment to the address listed below. If you have further questions please contact us at 18002540667.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLJI6812-28LW0W.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | | Total Balance |
|---|---|---|
| LJI681 | | $ 1600.39 |

DEBORAH CROCKER

**Payment Amount**    ▼

Check here if your address or phone number has
changed and provide the new information below.

$

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

Exhibit 12

NCO R
106

012200LJI6810000000150000000001600399

Law Office of

# LEIDEN AND LEIDEN

*A Professional Corporation*

Terrance Patrick Leiden (also Ohio)
Zane P. Leiden (also SC)
L.E. Maioriello

330 Telfair Street
Augusta, Georgia 30901-2450

*(706) 724-8548*
*Toll Free Number 888-228-9035*
*FAX (706) 724-9727*

C. Christopher CoCroft, Jr.
(1941-1974)

July 30, 2007

NCO Financial Systems
ATTN: LEGAL DEPARTMENT
VIA CERTIFIED MAIL
507 Prudential Road
Horsham, PA 19044

> RE:  Deborah Crocker
> Chapter 13, Case No.: 04-14200
> NCO Portfolio Management Account No.: 0000878087
> Collection of Debt for EDUCAP, Inc.

To Whom It May Concern:

Please find enclosed a copy of the Motion to Reopen the Chapter 13 case which has been filed with respect to the above-referenced debt. I represented Deborah Crocker in a Chapter 13 bankruptcy case which she filed in the United States Bankruptcy Court for the Southern District of Georgia on November 18, 2004. The terms of her Chapter 13 plan called for the student loans to be paid in full at the contract rate of interest during the Chapter 13 case. I have also enclosed copies of previous correspondence which I have mailed to your company. To date, I have received no response.

I am sending this letter as required by the local Federal rules as a good faith attempt to resolve the dispute prior to the initiation of an adversary proceeding. I expect this correspondence will be disregarded as was the previous correspondence. Once the Motion to Reopen the case is granted, I will file an adversary proceeding seeking damages for the ongoing and repeated violations of the discharge injunction in this case. Furthermore, I intend to seek additional damages pursuant to the Fair Debt Collection Practices Act. The claims under the FDCPA will be based upon the fact that NCO has been notified that the debt is disputed, and that the Debtors are represented by counsel, yet has persisted in direct communication. The attorney's fees which have accumulated to date with respect to the post-discharge collection attempts are approaching $1200.00, which is almost the amount that NCO is seeking to collect. The statutory and compensatory damages will easily exceed the amount that NCO is seeking to collect.

This is the last opportunity for NCO to avoid being named as a defendant in adversary proceeding, subject to the above-referenced claims. If you have any questions, or require further information in order to demonstrate that the debt has been paid in full and discharged, please contact my office. If I do not receive a response, in writing, indicating that NCO will no longer

Exhibit 13

pursue collection of this debt, and will not sell, transfer, or otherwise assign the debt to another party, then I will forego the filing of an adversary proceeding. Govern yourself accordingly.

Warmest regards,

Zane P. Leiden

ZPL/hms
Enclosures:   Filed copy of Motion to Reopen Chapter 13 case
Modified Chapter 13 plan and motion
Letter to NCO on February 19, 2007
Letter to NCO on April 5, 2007
Discharge of Debtor's Chapter 13 Plan
Final Report and Account



7004 1160 0001 5365 5006

**Asset Management Professionals, LLC**

665 Molly Lane
Suite 110
Woodstock, GA 30189

57 00000808
562651

P.O. Box 2824 • Woodstock, GA 30188
**Phone: 888-355-7515**

242189-AMP00522

September 16, 2008

**ACCOUNT IDENTIFICATION**

Re: NCO PORTFOLIO MANAGEMENT
INC Account:
Orig. Creditor: NCO/ASGNE OF EDUCAP, INC
Account: 0000878087
Balance: $1,624.09
Reference #: 242189

DEBORAH CROCKER
330 TELFAIR STREET
AUGUSTA, GA  30901-2450

Dear Sir/Madam:

Our client, NCO PORTFOLIO MANAGEMENT, INC who has purchased your defaulted account from NCO/ASGNE OF EDUCAP, INC has authorized us to settle on this account.  Our client has allowed us to offer you the option of one of the following two (2) repayment plans in order to settle this balance.

Please choose one of the following options and forward this letter with your payment to Asset Management Professionals, LLC in the envelope provided:

• My balance will be settled in full by a one-time payment of $812.04; or

• My account will be settled in full by three (3) equal consecutive monthly payments of $351.89

If you would like to discuss alternative payment arrangements please contact this office at **(888) 355-7515**.  For your convenience, our account representatives accept several forms of payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, our office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor if that is different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

AMP00522
AMP.wfd, V1
562651

**\*\*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION\*\***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Detach and return this portion with your payment in the envelope provided

**PLEASE MARK AN OPTION BELOW**

(  ) My balance will be settled in full by a
one time payment equal to $812.04.

(  ) My balance will be settled in full by
THREE equal monthly payments of $351.89.
These payments will be made on the
_____ day of each month

**Make your check or money order payable to
Asset Management Professionals, LLC.**

**Reference #:** 242189

**Amount Enclosed:** _____

Make your check or Money Order Payable to Asset
Management Professionals, LLC. Please be sure the
address below is visible in the remit envelope window.

**ASSET MANAGEMENT PROFESSIONALS, LLC**
PO BOX 2824
WOODSTOCK, GA  30188-1386

Exhibit 15

AMP00522

FILED

## In The United States Bankruptcy Court
For the Southern District of Georgia
Augusta Division

2008 OCT 21  PM 4:00

U.S. BANKRUPTCY COURT
AUGUSTA, GA
SAMUEL L. KAY, CLERK

| | | |
|---|---|---|
| IN RE | ) | CHAPTER  7 |
| | ) | CASE NO.:  04-14200 |
| DALE AND DEBORAH CROCKER, | ) | |
| *Debtor.* | ) | |
| | ) | |
| DEBORAH CROCKER, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | ADVERSARY NO.: |
| | ) | |
| NCO FINANCIAL SYSTEMS, LLC | ) | |
| *First Defendant.* | ) | |
| | ) | |
| ASSET MANAGEMENT | ) | |
| PROFESSIONALS, LLC | ) | |
| *Second Defendant,* | ) | |

### CERTIFICATE OF INTERESTED PARTIES

The undersigned, counsel of record for DALE AND DEBORAH CROCKER, certifies that the following is a full and complete list of the parties in this action:

| Name | Identification and Relationship |
|---|---|
| Deborah Crocker | Debtor/Plaintiff |
| NCO Financial Systems, LLC ("NCO") | Creditor/First Defendant |
| Asset Management Professionals, LLC ("AMP") | Creditor/Second Defendant |

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties:

| Name | Identification and Relationship |
|---|---|
| Michael Barrist | NCO Chairman of the Board, President & CEO |
| Stephen Elliott | NCO Chief Information Officer |
| Joshua Gindin, Esq. | NCO EVP and General Counsel |
| Steven Leckerman | NCO Chief Operating Officer |
| John Schwab | NCO Chief Financial Officer |
| Steven L. Winokur | NCO Executive Vice President |
| Albert Zezulinski | NCO EVP of Global Portfolio Operations |
| Michael Rosenthal | AMP Managing Member |

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as parent or holding company or similar relationship):

| Name | Identification and Relationship |
|---|---|
| Zane P. Leiden | Plaintiffs Counsel |
| Leiden & Leiden, P.C. | Plaintiffs Counsel |

Respectfully submitted this 21st day of OCTOBER , 2008

LEIDEN and LEIDEN

By: _____
Zane P. Leiden
Ga. Bar No.: 445820

330 Telfair Street
Augusta, Georgia  30901
(706) 724-8548

| **ADVERSARY PROCEEDING COVER SHEET** | **ADVERSARY PROCEEDING NUMBER** |
|---|---|
| (Instructions on Reverse) | (Court Use Only) |

| PLAINTIFFS | FIRST DEFENDANT |
|---|---|
| DEBORAH CROCKER<br>2440 YATES DRIVE<br>AUGUSTA, GA 30906 | NCO FINANCIAL MANAGEMENT SYSTEMS, LLC<br>ATTENTION: OFFICER/AGENT<br>507 PRUDENTIAL ROAD<br>HORSHAM PA 19044<br><br>SECOND DEFENDANT<br><br>ASSET MANAGEMTN PROFESSIONALS, LLC<br>ATTENTION: OFFICER/AGENT<br>665 MOLLY LANE, SUITE 110<br>WOODSTOCK GA 30189 |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Zane P. Leiden<br>Leiden and Leiden<br>330 Telfair Street<br>Augusta, Georgia 30901  706-724-8548 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## PLAINTIFF SEEKS DAMAGES FOR THE AUTOMATIC STAY VIOLATION 11 U.S.C. §362

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - §542 other obligation

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate or of a co-owner–§363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of Discharge

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority taxes
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
☐ 60-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation (other than domestic support)
☐ 65-Dischargeability – other

**FBRP 7001(7) – Injunctive Relief**
☐ 71-Injunctive Relief – imposition of stay
☐ 72-Injunctive Relief – other

**FBRP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FBRP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory Judgment

**FBRP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)
  **Damages for violation of the Automatic Stay**

**(continued on next column)**

FILED

2008 OCT 21 PM 4:00
U.S. BANKRUPTCY COURT
AUGUSTA
SAMUEL L. KAY, CLERK

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $25,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR **DALE AND DEBORAH CROCKER** | BANKRUPTCY CASE NO. **04-14200** | |
| DISTRICT IN WHICH CASE IS PENDING **Southern** | DIVISIONAL OFFICE **Augusta** | NAME OF JUDGE **Susan D. Barrett** |

B104 (FORM) (08/07), Page 2

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE **October 21, 2008** | PRINT NAME OF ATTORNEY (OR PLAINTIFF) **Zane P. Leiden** |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property of property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing System (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names and addresses of the attorneys, if known.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiff's and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is not represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.