## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

IN RE

| | |
|---|---|
| **DALE AND DEBORAH CROCKER,** | **Chapter 13** |
| **Debtors,** | **Case No.: 04-14200** |

**DEBORAH CROCKER,**

# ORIGINAL

**Plaintiff,**

**Adversary No. 08-1053-SDB**

**v.**

**NCO FINANCIAL SYSTEMS,
INC. and ASSET MANAGEMENT
PROFESSIONALS, LLC,**

**Defendants.**

_____/

2008 NOV 26  AM 9: 4... 
U.S. BANKRUPTCY COURT
AUGUSTA, GA
SAMUEL L. KA...LERK

**FILED**

## NCO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, NCO Financial Systems, Inc., ("NCO"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### STATEMENT OF JURISDICTION

NCO leaves all matters of jurisdiction to the Court; therefore, NCO denies the allegations contained in Plaintiff's Statement of Jurisdiction regarding jurisdiction. NCO admits that it is a corporation lawfully authorized to conduct

1

business in the state of Georgia and may be served by Summons and Complaint as proscribed by Bankruptcy Rule 7004(h) as alleged in Plaintiff's Statement of Jurisdiction. NCO denies the remaining allegations contained in Plaintiff's Statement of Jurisdiction for lack of knowledge or information to form a reasonable belief therein.

## STATEMENT OF THE CASE

1. NCO admits upon information and belief that Plaintiff filed for Chapter 13 Bankruptcy on November 18, 2004 and that Plato Student loans was listed a creditor in Plaintiff's Chapter 13 Bankruptcy. NCO denies the remaining allegations contained in ¶ 1 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

2. The documents speak for themselves and are the best evidence of their content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 2 of Plaintiff's Complaint state otherwise, they are denied. NCO denies any remaining allegations contained in ¶ 2 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

3. NCO admits upon information and belief that Plaintiff's Chapter 13 Bankruptcy was confirmed on April 25, 2005. NCO denies the remaining

2

allegations contained in ¶ 3 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

4.    The documents speak for themselves and are the best evidence of their content.   NCO denies liability and damages, and to the extent the allegations contained in ¶ 4 of Plaintiff's Complaint state otherwise, they are denied. NCO denies any remaining allegations contained in ¶ 4 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

5.    NCO admits upon information and belief the allegations contained in ¶ 5 of Plaintiff's Complaint.

6.    NCO denies the allegations contained in ¶ 6 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

7.    NCO denies the allegations contained in ¶ 7 of Plaintiff's Complaint.

8.    The documents speak for themselves and are the best evidence of their content.   NCO denies liability and damages, and to the extent the allegations contained in ¶ 8 of Plaintiff's Complaint state otherwise, they are denied.  NCO denies any remaining allegations contained in ¶ 8 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

9.    The document speaks for itself and is the best evidence of its content. NCO denies liability and damages, and to the extent the allegations contained in ¶

3

9 of Plaintiff's Complaint state otherwise, they are denied. NCO denies any remaining allegations contained in ¶ 9 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

10.    NCO denies receipt of said letter, and accordingly admits the allegations contained in ¶ 10 of Plaintiff's Complaint.

11.    The documents speak for themselves and are the best evidence of their content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 11 of Plaintiff's Complaint state otherwise, they are denied. NCO denies any remaining allegations contained in ¶ 11 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

12.    The document speaks for itself and is the best evidence of its content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 12 of Plaintiff's Complaint state otherwise, they are denied. NCO denies receipt of said letter, and accordingly admits no response was sent. NCO denies any remaining allegations contained in ¶ 12 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

13.    The documents speak for themselves and are the best evidence of their content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 13 of Plaintiff's Complaint state otherwise, they are denied. NCO

denies any remaining allegations contained in ¶ 13 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

14.    The document speaks for itself and is the best evidence of its content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 14 of Plaintiff's Complaint state otherwise, they are denied.  NCO denies any remaining allegations contained in ¶ 14 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

15.     NCO denies the allegations contained in ¶ 15 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

16.    NCO denies the allegations contained in ¶ 16 of Plaintiff's Complaint for lack of information and knowledge to forma reasonable belief therein.

17.    NCO denies the allegations contained in ¶ 17 of Plaintiff's Complaint for lack of information and knowledge to forma reasonable belief therein.

18.    NCO denies the allegations contained in ¶ 18 of Plaintiff's Complaint.

19.    The document speaks for itself and is the best evidence of its content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 19 of Plaintiff's Complaint state otherwise, they are denied. NCO denies any remaining allegations contained in ¶ 19 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

20.    NCO denies the allegations contained in ¶ 20 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

21.    NCO denies the allegations contained in ¶ 21 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

## COUNT 1

## DEBTOR'S CLAIM FOR VIOLATIONS OF THE DISCHARGE ORDER (11 U.S.C. § 524)

NCO reasserts the foregoing as if fully incorporated herein.

22.    The discharge speaks for itself and is the best evidence of its content. NCO denies liability and damages, and to the extent the allegations contained in ¶ 22 of Plaintiff's Complaint state otherwise, they are denied.  NCO denies any remaining allegations contained in ¶ 22 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

23.    NCO denies the allegations contained in ¶ 23 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

24.    NCO denies the allegations contained in ¶ 24 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

25.    NCO denies the allegations contained in ¶ 25 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

26.   NCO admits that it responded to counsel's July 30, 2007 letter. Except as specifically admitted the allegations contained in ¶ 26 of Plaintiff's Complaint are denied.

27.   NCO denies the allegations contained in ¶ 27 of Plaintiff's Complaint for lack of information or knowledge to form a reasonable belief therein.

28.   NCO denies the allegations contained in ¶ 28 of Plaintiff's Complaint for lack of information or knowledge to form a reasonable belief therein.

29.   NCO denies the allegations contained in ¶ 29 of Plaintiff's Complaint for lack of information or knowledge to form a reasonable belief therein.

30.   NCO denies the allegations contained in ¶ 30 of Plaintiff's Complaint.

31.   NCO denies the allegations contained in ¶ 31 of Plaintiff's Complaint.

32.   NCO denies the allegations contained in ¶ 32 of Plaintiff's Complaint.

33.   NCO denies the allegations contained in ¶ 33 of Plaintiff's Complaint.

## COUNT 2

### DEBTOR'S CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

NCO reasserts the foregoing as if fully incorporated herein.

34.   NCO admits the allegations contained in ¶ 34 of Plaintiff's Complaint unless otherwise established through ongoing investigation and discovery.

7

35.  NCO denies the allegations contained in ¶ 35 of Plaintiff's Complaint.

36.  NCO denies the allegations contained in ¶ 36 of Plaintiff's Complaint.

37.  NCO denies the allegations contained in ¶ 37 of Plaintiff's Complaint.

38.  NCO denies the allegations contained in ¶ 38 of Plaintiff's Complaint.

39.  NCO denies the allegations contained in ¶ 39 of Plaintiff's Complaint.

40.  NCO denies the allegations contained in ¶ 40 of Plaintiff's Complaint.

41.  NCO denies the allegations contained in ¶ 41 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES BY NCO

1.  Plaintiff has not stated a claim upon which relief may be granted.

2.  This Court does not have subject matter jurisdiction to decide an FDCPA claim.

3.  To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4.  NCO denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of NCO's purported violations.

5.  Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than NCO and were beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

8

WHEREFORE, Defendant, NCO Financial Systems, Inc. requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

DATED this 24th day of November 2008.

Respectfully submitted,

McLain & Merritt, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Counsel for NCO

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA   30326-3240
Telephone No.: (404) 365-4514
Facsimile No.: (404) 364-3138
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of November 2008 a copy of the foregoing document was sent via U.S. Mail First Class to:

Zane P. Leiden, Esq.   Asset Management Professionals, LLC
Leiden and Leiden    c/o Mr. Kenneth Bergman
330 Telfair Street     3235 Satellite Blvd., #400-100
Augusta, GA 30901    Duluth, GA  30096

        Respectfully submitted,

        McLain & Merritt, P.C.

        Albert J. DeCusati
        Georgia Bar No. 215610
        Counsel for NCO

        3445 Peachtree Road, N.E.
        Suite 500
        Atlanta, GA   30326-3240
        Telephone No.: (404) 365-4514
        Facsimile No.: (404) 364-3138
        adecusati@mclain-merritt.com

M. DAVID MERRITT
CHRISTOPHER D. OLMSTEAD
ROBERT B. HILL
HOWARD M. LESSINGER
THOMAS C. HOLCOMB
WILLIAM S. SUTTON
NEIL S. MORRISROE
ALBERT J. DECUSATI
JULIE CHILDS
JEFFREY E. HICKCOX
C. EDWARD GOODGAME
K. BRENT WARREN
TRAVIS D. LACKEY
ANTHONY J. BAGIATIS
CLAYTON E. ROBERTSON
JOHN C. STUNDA
ASHLEY C. ALEXANDER
DAWN M. RIVERA
THEA A. NANTON
MEREDITH L. LUCENTE
KERENSA E. DAVIS

LAW OFFICES
MᶜLAIN & MERRITT
A PROFESSIONAL CORPORATION
SUITE 500
3445 PEACHTREE ROAD, N.E.
ATLANTA, GEORGIA 30326-3240
(404) 266-9171

FAX
(404) 364-3135
(404) 364-3138

REAL ESTATE FAX
(404) 364-3134

OF COUNSEL:
SARAH B. TERRELL

November 24, 2008

VIA First Class Mail

Clerk, U.S. Bankruptcy Court
for the Southern District of Georgia
P.O. Box 1487
Augusta, Georgia  30903

Re:   Carolyn Crocker v. NCO Financial Systems, Inc. and Asset Management
Professionals, LLC
U.S. Bankruptcy Court for the Southern District of Georgia,
Augusta Division, Adversary No. 08-1053-SDB

Dear Sir or Madam:

Enclosed please find the original and a copy of Defendant's Answer in the above-referenced case.  Please file the original with the Court, and return a stamped filed copy in the enclosed envelope.

Thank you for your assistance.

With best regards, I remain

Very truly yours,

McLAIN & MERRITT, P.C.

Dawn M. Rivera

DMR:me
Enclosures